IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVETTE ESPARZA, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CASE NUMBER: 3:12-CV-00662-D |
| | § | |
| BANK OF AMERICA CORPORATION | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S SECOND UNOPPOSED MOTION FOR EXTENSION OF
DISCOVERY AND DISPOSITIVE MOTION DEADLINE**

Plaintiff Davette Esparza files this Second Motion for a thirty day extension of the discovery and dispositive motion deadline, and in support of the Motion would show the Court:

1. The parties served Initial Disclosures April 20, 2012. Defendant did not identify Florence Coble or Angie Ferguson as individuals with knowledge.

2. In its Answers to Plaintiff's First Set of Interrogatories, Defendant answered that Roderick Wilson, Melissa Gonzales and Florence Coble made or participated in the decision to terminate Esparza's employment. Defendant did not provide the addresses for the witnesses and did not provide the city or state in which the witnesses could be found.

3. On September 17, 2012, Plaintiff filed her First Unopposed Motion for a Thirty day extension of time from September 30, 2012, to October 31, 2012. The Court entered its Order dated September 18, 2012, granting the Motion.

3. On September 24, 2012, Plaintiff wrote to Defendant about discovery concerns and also requesting Defendant provide to Plaintiff dates for depositions of its witnesses, including Florence Coble. Plaintiff also requested that Defendant supplement Initial Disclosures

to provide addresses for the witnesses.

4. On October 4, 2012, Plaintiff sent an email to Defendant requesting a response to issues set out in the September 24, letter, including the request to provide dates for witness depositions as well as their addresses.

5. On October 16, 2012, Plaintiff contacted Defendant by telephone and arranged a telephone conference to discuss discovery issues the following day, October 17, 2012.

6. On October 17, 2012, Plaintiff's counsel sent an email to Defendant notifying Defendant, among other things, that if Defendant failed to provide dates, Plaintiff would schedule the depositions on dates convenient to Plaintiff October 24-31, 2012. Plaintiff further informed Defendant that Plaintiff would notice the deposition of Florence Coble for Dallas because Defendant had not provided her address or location.

7. On October 17, 2012, Defendant responded that Florence Coble was located in Charlotte, North Carolina, and that Defendant would not make her available in Dallas.

8. Defendant also advised that the continued deposition of Wilson and Gonzales which had been adjourned by Plaintiff because documents which had been requested had not been produced could resume October 25, and October 31, respectively.

9. On October 18, 2012, Plaintiff sent depositions notices for Wilson, Gonzales and also other witnesses for October 25th and October 31st. Plaintiff sent a deposition notice for Florence Coble to be deposed in North Carolina Monday, October 25, (sic).

10. On October 19, 2012, Defendant notified Plaintiff that its Interrogatory Answers were incorrect, and that Florence Coble had not participated in the decision to terminate Esparza, but rather Angela Smith had participated in the decision and she could be deposed in Dallas.

11. Defendant subsequently corrected this communication to state that the person

was an individual named Angie Ferguson of Phoenix, Arizona, and who would not be produced in Dallas.

12. Plaintiff has not deposed Ferguson or Coble and did not depose another witness Melody Valdez who has information. Defendant has stated that it will produce the witnesses to be deposed in the next two weeks, but has not provided a date certain by which the witnesses will be produced with the exception of Florence Coble which it stated it could produce after the expiration of the discovery deadline, on November 2, 2012.

13. Plaintiff seeks a second thirty-day extension of the discovery deadline in order to complete the depositions of the witnesses in this case.

14. In addition, there are documents that Defendant did not yet produce until the witnesses testified in deposition to their existence, and other documents which the witnesses deposed testified existed, but which have not been produced. These documents may have been lost or destroyed after the time that a litigation hold should have been put in effect in the case because a lawsuit had been filed. Defendant has not produced any electronic records and objected to answering an interrogatory tat inquired into the method Defendant used to locate and retrieve electronic records. Defendant had indicated that it will provide this information and conduct a further search for documents, but this has not occurred to date. For this reason, a 30(b)(6) deposition may be necessary to discover whether, and how Defendant preserved and searched for relevant documents. As a result of all of these events, Plaintiff has not had full and complete discovery in this case and will be unfairly prejudiced if the Court does not grant this motion.

## CERTIFICATE OF CONFERENCE

15. Defendant has authorized counsel to state that it does not oppose a thirty day

extension of time as long as the dispositive deadline is also extended thirty days. Therefore, Plaintiff seeks an extension of the discovery and dispositive motion deadline for thirty days. Defendant stated that while it does not oppose the extension, it does not agree with Plaintiff's stated reason for needing additional time to complete discovery.

16. The trial in this case is presently set for May 2012. The current discovery deadline is October 31, and current dispositive motion deadline is November 15, 2012. Plaintiff respectfully submits that the Court's interest in controlling its docket will not be adversely affected by a second thirty day extension of the discovery deadline to November 30, 2012, and an extension of the dispositive motion deadline thirty days to December 15, 2012.

17. This motion is brought in the interest of justice and a full and fair trial to the Plaintiff on her claims and not just for delay.

Wherefore, Plaintiff prays that the Court grant his motion to extend the discovery and dispositive motion deadline by thirty days.

Respectfully submitted,

s/   N. Sue Allen
N. Sue Allen, SBOT 00791992
Allen Law Firm
4150 International Plaza, Suite 600
Fort Worth, Texas 76109
(817) 926-5005
(817) 926-5165 (facsimile)
sue@sueallenlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 31, 2012, the foregoing instrument was served via the Court's ECF filing system to:

>Mr. Brian Patterson
>McGuireWoods
>600 Travis, Suite 7500
>Houston, Texas 77002
>
>s/N. Sue Allen
>N. Sue Allen