IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVETTE ESPARZA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:12-cv-00662-D |
| | § | |
| BANK OF AMERICA, N.A. and | § | |
| RODERICK WILSON, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION TO FILE CORRECTED BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, TO
FILE BRIEF IN OPPOSITION OUT OF TIME AND BRIEF IN SUPPORT**

Plaintiff Davette Esparza files this motion for leave to file a corrected brief in opposition

to defendant's motion for summary judgment, together with a corrected appendix.  In

support of this motion, Esparza would show:

1.  On December 14, 2012, defendants Bank of America and Roderick Wilson filed a

Motion for Summary Judgment.  The response to this motion was due January 7, 2013.

2.  On January 7, 2013, Esparza filed a Motion for an Extension of Time until January 14,

2013, to file a response to defendants' motion for summary judgment.  The Court granted the

Motion on January 9, 2013.

3.  Counsel's request for a one-week extension was granted in full.  However, beginning

January 8, through Friday, January 11, counsel was physically not well enough to work on the

brief because of flu-like symptoms (low-grade fever, lack of energy, congestion).

4.  The response brief which was filed by counsel January 14, 2013, is deficient because

it does not contain a table of contents, table of authorities or citations to the appendix.  Moreover,

the appendix lacked evidence to support some of the factual statements set forth in the brief. In

addition, the brief contains omitted words and typographical errors which make it confusing.

5.    Counsel seeks permission to file a corrected brief and appendix which contains a table of contents, tale of authorities, citations to the appendix and which includes additional evidence.  A copy of the proposed corrected brief and appendix is attached as Exhibit "A."

## CERTIFICATE OF CONFERENCE

6.  On January 15, 2013, counsel conferred with counsel for defendant Brian Patterson who stated that defendants are inclined to oppose the motion.  This motion is likely to be opposed.

## ARGUMENTS AND AUTHORITIES

7.  Rule 6(d) of the Federal Rules of Civil Procedure provides that "…the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect…"

8.  Esparza did file a response and brief, albeit deficient.  Esparza seeks permission to file a corrected brief.  Esparza submits that whether to permit filing of a corrected brief is addressed to the sound discretion of the trial court.  The corrected brief does not contain additional arguments or authorities.  Rather, it simply adds a table of contents, table of authorities, citations to the appendix. It also corrects the appendix by adding and deleting pages.

9.  To the extent that this is a motion to file the response out of time, a different standard applies under Rule 6(b).  In *Pioneer Investment Serv. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court stated that the determination of "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. These circumstances include the risk of prejudice to the non-movant; the

length of delay; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith. Id.

10.   While Pioneer concerned the bankruptcy rules, the Fifth Circuit has applied the factors to requests for relief under Rule 60(b)(1). See *Silvercreek Mgmt., Inc. v. Banc of America Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008).

11.   Here, the decision of whether or not to grant this Motion to File a Corrected Brief, or Alternatively, to File a Response in Opposition to Motion for Summary Judgment is directed to the sound discretion of the Court.

12.   An important consideration is whether or not granting the motion to file a corrected brief will prejudice the defendant.  Here, the defendant will not be prejudiced for two reasons: One, each fact set out in Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment as a fact is a fact.  All that is missing is the citation to the appendix which contains the evidence.  Citations to the appendix are required because the Court will not hunt for facts like pigs for truffles, but defendants are well aware of these facts.  These facts come directly from the testimony of defendants' witnesses, the documents or the plaintiff.  In fact, it will aid defendants because it will aid finding the relevant portions of deposition transcripts by having the appendix and citations to it.  Each and every fact which Esparza argues creates factual disputes which should preclude summary judgment are set out in the original filing.

12.   The length of the delay is not significant in this case – two weeks.  The reason for the delay is primarily the result of counsel's illness.

13.   Finally, counsel is operating in good faith and not for purposes of delay or unjust motive.  Counsel regrets the inconvenience, but submits that this inconvenience can be remedied

by a short extension of time to defendants, if requested and needed, and such inconvenience is outweighed by the fact that the case will be resolved on the merits and not due to failings of Esparza's counsel.

For all of these reasons, plaintiff moves the Court to permit Esparza to file a corrected brief or alternatively, to file response out of time.

Respectfully submitted,

s/   N. Sue Allen
N. Sue Allen, SBOT 00791992
Allen Law Firm
4150 International Plaza, Suite 600
Fort Worth, Texas 76109
(817) 926-5005
(817) 926-5165 (facsimile
sue@sueallenlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 29, 2013, the foregoing was served via the Court's ECF filing system to all counsel of record.

s/N. Sue Allen
N. Sue Allen